RECEIVED
IN LAKE CHARLES, LA

MAY - 3 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AUTUMN KLOSTERMAN HARRISON | : | DOCKET NO. 2:05 CV 0408 |
| VS. | : | JUDGE MINALDI |
| CHRISTUS ST. PATRICK HOSPITAL, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [doc. 9] filed by the defendants, Christus St. Patrick Hospital, Christus Health Southwestern Louisiana, and Christus Health (collectively "Christus"). The plaintiff, Autumn Klosterman Harrison ("Harrison") filed an opposition [doc. 46], the defendants filed a reply [doc. 48] and oral arguments were heard on November 1, 2005.

### Rule 12(b)(6)

In a F.R.Civ.P. Rule 12(b)(6) motion, the Court must view the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all of the factual allegations in the complaint.[1] The motion will be denied if the allegations support relief on any possible theory.[2]

"The court's inquiry is directed to whether the allegations constitute a statement of a claim

---

[1] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161 (1993).

[2] *Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994).

under Rule 8(a)."³ All that is required is that the petition include "a short and plain statement of the claim that gives the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."⁴

There is no requirement that the plaintiff "set out in detail the facts upon which he bases his claim."⁵ General factual allegations are sufficient and the court "will presume that general allegations embrace those specific facts that are necessary to support the claim."⁶ However, conclusory allegations concerning the legal affect of the events alleged do not have to be accepted by the court.⁷

Facts

On March 4, 2005, the plaintiff filed a complaint against the defendants in the 14th Judicial District Court, Calcasieu Parish. The defendants removed the case to this court.⁸

The complaint alleges that the plaintiff received emergency medical care at CHRISTUS St. Patrick Hospital on January 15, 2003.⁹ Harrison complains that she is an uninsured patient who was charged a higher rate for medical treatment than insured patients and, although she does not claim

---

³ Wright & Miller, Federal Practice and Procedure Civil 2d, §1357 at n.11; *Leatherman*, supra at 1163.

⁴ *Leatherman*, supra at 1163 (Quoting <u>Conley v. Gibson</u>, 78 S.Ct. 99, 103 (1957)).

⁵ *Leatherman*, supra at 1163.

⁶ *National Organization for Women, Inc. v. Scheidler*, 114 S.Ct. 798, 803 (1994) (quoting *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2137 (1992)).

⁷ Wright & Miller, Federal Practice and Procedure: Civil 2d §1357, pp. 311-21.

⁸ The plaintiff sought remand which was denied by this court.

⁹ Class action complaint ¶ 23.

to have paid for the treatment, she alleges that the defendants should not have attempted to obtain payment for the treatment.

The defendants move for dismissal on several grounds:

1) The plaintiff can assert no claims arising out of the defendants' not-for-profit, tax-exempt, charitable status under state or federal law;
2) The plaintiff's claims for breach of fiduciary duty under contract fail to state a claim;
3) The plaintiff's claims regarding her emergency room admission and treatment, as well as the emergency room admission and treatment of the putative class, raises a federal question under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), but fails to state a claim under that Act;
4) The plaintiff's claims for breach of contract and a purported duty of good faith and fair dealing fail to state a claim;
5) The plaintiff's unjust enrichment claim has no basis in the law;
6) The plaintiff's claims under the Louisiana Unfair Trade Practices Act ("LUTPA") fail to state a claim; and
7) The plaintiff's prayer for injunctive and declaratory relief must fail because the request is dependent upon each of the prior claims which are subject to dismissal.

Law

The plaintiff's cause of action for breach of fiduciary duty[10] is based upon the defendants' not-for-profit, tax-exempt, charitable status and in contract. In Count One of the Complaint, the plaintiff alleges that by accepting and admitting the plaintiff and the putative class of uninsured, non-indigent patients, the defendants were subject to an express or implied contractual obligation to charge the same discounted rates given to Medicare, Medicaid and insured patients.[11] The plaintiff alleges that these obligations arise from the defendants' not-for-profit, tax-exempt, charitable status. No court, however, has ever held that 501(c)(3) creates a binding contract, and the numerous courts which have considered this issue in the context of virtually identical allegations to those made by

---

[10] Count Four of the Complaint.

[11] Complaint ¶¶ 42, 45.

the plaintiff in this case have uniformly rejected this notion.[12]

Although the plaintiff has artfully deleted all references to federal law, the effect of the defendants' state tax exempt status cannot be analyzed without considering tax exempt status under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).[13] The tax-exempt status of hospitals does not confer private rights of action on citizens.[14]

---

[12] *See Quinn v. BJC Health Sys.*, Case No. 4:04CV007668 ERW (E.D. Mo. Mar. 1, 2005); *Wright v. St. Dominic Health Services, Inc.*, Civil Action No. 3:04CV521LN (S.D. Miss. Mar. 1, 2005); *Schmitt v. Protestant Memorial Medical Center*, No. 04-CV-00577-DRH (S.D. Ill. Feb. 23, 2005); *Rivera v. Yale New Haven Hospital, Inc.*, No. 3:04 CV 1515 (SRU) (D. Conn. Feb. 9, 2005); *Hagedorn v. St. Thomas Hospital*, No. 3:04-0526 (M.D. Tenn. Feb. 7, 2005); *Peterson v. Fairview Health Services*, No. 04-2973 ADM/AJB (D. Minn. Feb. 1, 2005); *Daly v. Baptist Health*, No. 4:04 CV 789GH (E.D. Ark. Jan 31, 2005); *Shriner v. ProMedica Health System, Inc.*, No. 3:04 CV 74325 (N.D. Ohio Jan 21, 2005); *Washington v. Medical Center of Central Georgia, Inc.*, No. 5:04-CV- 185 (CAR) (M.D. Ga. Jan 21, 2005); *Hogland v. Athens Regional Health Services, Inc.*, No. 3:04-CV-50 (AR) (M.D. Ga. Jan 21, 2005); *Lorens v. Catholic Healthcare Partners*, No. 1:04 CV 1151 (N.D. Ohio Jan 13, 2005); *Hudson v. Central Georgia Health Services*, No. 5:04 CV 301(DF) (M.D. Ga. Jan. 13, 2005); *Ferguson v. Centura Health Corporation*, No. 04-M-1285 (D. Colo. Dec. 29, 2004); *Burton v. William Beaumont Hospital*, No. 04-72735 (E.D. Mich. Dec. 3, 2004); *Darr v. Sutter Health*, No. C04-02624 WHA (N.D. Cal. Nov. 30, 2004); *Kizzire v. Baptist Health System, Inc.*, No. CV-04-1247 (N.D. Ala. Oct. 21, 2004).

[13] Section 501 exempts certain organizations from taxation including (3) Corporations and any community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office. 26 U.S.C. § 501(c)(3).

[14] *See, e.g. Schmidt v. Protestant Memorial Medical Center*, No. 04-CV-00577-DRH (S.D. Ill. Feb. 23, 2005), at 11 ("Nothing in the express language of the comprehensive tax code suggests....a private right of enforcement.")

4

The second basis for a claim of breach of fiduciary duty lies in contract. No authority exists to support the plaintiff's contention that the healthcare provider/patient contract creates a fiduciary duty. Likewise, the plaintiff's claims for breach of contract and a purported duty of good faith and fair dealing fails to state a claim. The terms of the contract are clear and unambiguous. The term "regular rates and terms of the hospital" does not create an open-ended contract.[15] Thus, no analysis of whether the charges were "fair and reasonable" is required. Pure common sense demands the conclusion that it would be virtually impossible for a health care provider to provide a complete list of every possible service to be rendered an emergency patient prior to admission. Even were it possible, the sheer volume would render meaningless any "emergency" treatment. Such an interpretation of the contract would undermine any hospital's ability to provide emergency services, in a crucially timely fashion, to its patients.

The plaintiff's claims regarding her emergency room admission and treatment, as well as the emergency room admission and treatment of the putative class, raises a federal question under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), but fails to state a claim under that Act. The EMTALA requires hospitals to provide care to any person requiring emergency

---

[15] In *Bogalusa Community Med. Center v. Batiste*, 603 So.2d 183, 186 (La. App. 1 Cir. 3/24/92), the subject contract provided: "**Financial Agreement and Payment Guarantee:** Both undersigned patient and the guarantor(s) agree that in consideration of the services to be rendered to the patient, they hereby individually obligate themselves to pay the charges of the hospital in accordance with the *regular rates and terms* of the Hospital...." The court held that the law provides that a party to a contract is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that it was not explained, or that he did not understand it. *Ciaccio v. Cazayouz*, 519 So.2d 799 (La.App. 1st Cir.1987). Additionally, where a contract is clear and explicit as to its terms and it does not lead to absurd consequences, no further interpretation may be made in search of the parties' intent. La.Civ.Code art. 2046; *Massachusetts Mut. Life Ins. v. Nails*, 549 So.2d 826 (La.1989).

treatment regardless of citizenship, legal status or their ability to pay.[16] The plaintiff alleges that before uninsured patients are admitted to the emergency room, they are required to sign a contract promising to pay in full for medical care rendered. By the enforcement of this requirement, the plaintiff alleges that the defendants have placed obstacles in the way of uninsured citizens who are trying to obtain healthcare.[17]

While the EMTALA does provide limited rights for civil enforcement by patients, this is only with regard to patients who have suffered "personal harm as a direct result of a participating hospital's violation of a requirement of this section." This complaint fails to allege "personal harm" within the meaning of § 1395dd(d)(2)(A).[18] The allegation that Harrison sought treatment and was made to sign a guarantee of payment does not suffice to state a claim for relief under the EMTALA.[19]

In the instant case, plaintiff's complaint attempted not to invoke the EMTALA to defeat federal jurisdiction, but allegations regarding emergency room admission and treatment create a federal question pursuant to the EMTALA and the plaintiff has failed to sufficiently allege the personal or economic harm necessary to support a private action under EMTALA. Accordingly, any

---

[16] ELTALA, 42 U.S.C. § 1395dd.

[17] Complaint ¶24.

[18] *See Wright et al v. St. Dominic Health Services, Inc.*, et al, No. 3:04CV521LN (S.D.Miss. March 1, 2005).

[19] *See Peterson v. Fairview Health Servs.*, No. Civ.A04-2973, 2005 WL 226168, at 9 (D.Minn. Feb.1, 2005) (dismissing EMTALA claim based on absence of allegation that plaintiffs suffered personal harm as a result of being required to sign "patient waivers" guaranteeing "payment"); *Rhonda Kizzire, et al. v. Baptist Health System, Inc.*, Case No. CV-04-HS-1247-S (S.D.Ala. Oct. 21, 2004) (opining that even if plaintiffs had adequately pleaded a cause of action under the EMTALA, their alleged economic injuries were not "personal injuries" and were thus not compensable under the enforcement provisions of the EMTALA).

claims purportedly arising under the EMTALA will be dismissed.

The plaintiff claims that the defendants have been unjustly enriched. Under Louisiana law, there are five requisites that a plaintiff must meet in order to prevail in an action for unjust enrichment: (i) the defendant receives an "enrichment" (an economic benefit received by his estate, whether by an addition to it or by a prevention of an economic detriment to it, without his furnishing compensation intended to be adequate for it); (ii) the plaintiff has sustained an "impoverishment" (an economic detriment suffered by the plaintiff's estate, whether because of the loss of a previously acquired asset or because of the prevention of justified expectation of gain); (iii) the enrichment and the impoverishment are connected (the economic benefit to the one patrimony results from the economic detriment to the other, either by direct transfer or indirectly through an intervening party, without any corresponding transfer of compensation intended to be adequate); (iv) no legal cause justifies the enrichment (in the sense that no lawful contract or provision of law was intended to permit the enrichment or to prevent the impoverishment or to bar attack on the enrichment or the impoverishment); and (v) no other legal remedy is practically available to the impoverished plaintiff by which the impoverishment might be or might reasonably have been avoided (this is the principle of "subsidiarity" by which the extraordinary remedy of unjustified enrichment, not provided by the Civil Code, is regarded as unavailable where another legal remedy could have prevented the impoverishment). Tate, *The Louisiana Action for Unjustified Enrichment,* 50 Tul.L.Rev. 883 (1976) and 51 Tul.L.Rev. 446 (1977); *Gray v. McCormick,* 663 So.2d 480 (1995), 486 -487 (La.App. 3 Cir., 1995).

In the instant case, i) Christus has received nothing from Harrison, ii) Harrison has paid nothing as a result of the contract with the defendants, iii) since there was no impoverishment or

enrichment, they cannot be connected, iv) there was a legal cause in the contract signed with Christus, and v) again, there was no impoverishment as the plaintiff has paid nothing and the legal remedy exists in contract. Because she has paid nothing, she cannot claim unjust enrichment. Harrison's rationale that others have been penalized as a result of their uninsured status cannot transfer any cause of action they may have to her. Furthermore, in failing to properly plead her case, the plaintiff has precluded herself from claiming third party beneficiary status. However, that does not change the fact that a contract governed these services. Unjust enrichment is an equitable remedy, unavailable when a contract exists. None of the requirements of an unjust enrichment claim have been satisfied.

Harrison also claims a violation of Louisiana's Unfair Trade Practices Act ("LUTPA"). Even assuming that the plaintiff has alleged an actionable unfair trade practices claim, which she has not, this cause of action is barred by the applicable statute of limitations. LSA R.S. 51:1409(E) (2004). The one-year statute of limitations for unfair trade practices is not subject to interruption.[20] The contract at issue in this case was signed on January 15, 2003. The plaintiff did not bring her claim until August 5, 2004. Because more than one-year elapsed between the execution of the contract and the filing of this suit, this claim is time-barred. The plaintiff concedes that this claim should be dismissed.[21]

Finally, the plaintiff's prayer for declaratory and injunctive relief must fail because that prayer is dependent on the foregoing claims which have been rejected by the court. Accordingly,

---

[20]  *Darfour v. U.S. Home Copr.*, 581 So.2d 765, 767 (La. App. 4 Cir. 6/13/91).

[21]  Opposition at p.3, fn.1.

for the foregoing reasons, the defendants' Motion to Dismiss will be granted in its entirety.

Lake Charles, Louisiana, this ___ day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE