RECEIVED
IN LAKE CHARLES, LA

MAY - 4 2006



ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| AUTUMN KLOSTERMAN HARRISON | : | DOCKET NO. 2:05 CV 0408 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| CHRISTUS ST. PATRICK HOSPITAL, ET AL. | : | MAGISTRATE JUDGE WILSON |

## WRITTEN REASONS

In a Report & Recommendation ("R&R") dated May 2, 2005 [doc. 27] the Magistrate Judge recommended that the plaintiff's Motion to Remand [doc. 15] be granted, to which the defendants objected. Oral arguments were heard on August 18, 2006, at which time this court found the objections appropriate, overruling the R&R and denying remand.

In the complaint filed on March 4, 2005 [doc.1], the plaintiff asserts five causes of action: breach of contract, unjust enrichment, injunctive/declaratory relief, breach of fiduciary duty, and violations of Louisiana Unfair Trade Practices Act.[1] In a removal action, the party seeking to remove a case to federal court has the burden of establishing federal jurisdiction.[2] The Magistrate Judge concluded that the removing defendants had not met their burden and recommended remand.

The defendants raised four objections to the R&R:

1)   The Magistrate Judge should not have "read around" the plaintiff's numerous references to

---

[1]   Complaint ¶¶ 41-63.

[2]   *See Ahern v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).

and reliance upon the defendants' non-profit charitable status;
2) The plaintiff's allegations and requested declaratory relief implicate questions of federal healthcare policy, including Medicare or Medicaid regulations;
3) The R&R incorrectly concludes that the plaintiff must expressly assert a cause of action or expressly seek a remedy under the Federal Emergency Medical Treatment and Active Labor Act ("EMTALA") to confer federal jurisdiction over claims regarding emergency room treatment; and
4) The existence of a private, federal remedy is not a prerequisite for federal jurisdiction in this state.

The defendants first argue that the Magistrate Judge should not have "read around" the plaintiff's numerous references to and reliance upon the defendants' non-profit charitable status. The complaint contains numerous references to this status[3]. The plaintiff also alleges under uncited Louisiana law that the defendants' status creates duties under which the defendants are required to give the same discounts to the plaintiff and the putative class as are given to Medicare, Medicaid and managed care patients. The Louisiana not-for-profit statutes that govern tax-exempt charitable institutions incorporate federal law. This court will be required to analyze the federal law, as well as the state law, to determine what rights and obligations these laws impose upon the parties.

The plaintiff's claim of breach of fiduciary duty cannot be resolved without interpreting federal laws. The alleged fiduciary duty is based upon the defendants' charitable status. The plaintiff's repeated references to the defendants' not-for-profit or charitable status implicates federal law and confers federal jurisdiction on this court. Although the plaintiff originally filed her lawsuit in state court pleading state claims, federal law, specifically the defendant's federal rights and obligations under 26 U.S.C. § 501(c)(3), is an essential element underlying the plaintiff's claims.

The plaintiff's allegations and requested declaratory relief also implicate questions of federal

---

[3] This reference occurs twenty-four times in the complaint.

2

healthcare policy, including Medicare and Medicaid regulations. The definition of the putative class in the complaint is not based upon being insured or uninsured, but it is based upon the Medicare reimbursement rate. The plaintiff proposes that Medicare and Medicaid prices should be extended to non-indigent and uninsured[4] patients. This proposition raises questions of federal health care policy.[5] The plaintiff alleges that the defendants have been wrongful recipients of government subsidies and reimbursements. The *Kolari*[6] case recognized that this argument implicates a question of national health care policy. A determination of the merits of this argument would mandate an interpretation of federal statutes governing Medicare, Medicaid and reimbursements under those programs.

The Magistrate Judge also determined that the plaintiff must expressly assert a cause of

---

[4] Complaint ¶27.

[5] *Kolari* 2005 WL 710452, *10.

[6] In *Kolari v. New York-Presbyterian Hosp.*, 382 F.Supp.2d 562, *575, 2005 WL 710452, **10 (S.D.N.Y.) (S.D.N.Y., 2005), the plaintiffs acknowledged in oral argument that "the heart and soul of [their] case is the fact that the hospitals are charging rates, discriminatory rates, that are much higher for their uninsured patients than they are for their patients who have either private health insurance or are eligible for Medicare of Medicaid." The court found that the plaintiffs' state law claims, like their federal claims, were largely premised on the plaintiffs' baseless assertions that hospitals designated as charitable institutions are required to provide free health care to the uninsured and indigent. The state claims clearly raised questions of federal health care policy, especially when viewed in the context of the dozens of nearly identical state law claims in the dozens of similar lawsuits filed in courts all over the United States.

action or expressly seek a remedy under EMTALA to confer jurisdiction. The complaint contains repeated allegations of improper emergency room screening and/or treatment based upon the plaintiff's ability to pay.[7] Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.[8] Federal question jurisdiction may exist where the resolution of the state law cause of action "necessarily turn[s] on some construction of federal law."[9] The lack of a clearly stated federal cause of action does not preclude removal.[10] The EMTALA requires hospitals to provide care to any person requiring emergency treatment regardless of citizenship, legal status or ability to pay. Federal question jurisdiction in this case is conferred based upon the plaintiff's allegations of improper emergency room screening and/or treatment based upon the plaintiff's ability to pay.

---

[7] See Complaint ¶¶ 23, 24, 9, 15, 43. ¶¶ 23-24 The plaintiff alleges that she was treated in the emergency room on the day in question and that Christus required her to sign forms guaranteeing payment of unspecified charges as a condition of her treatment; ¶ 9 Before Christus admits uninsured patients into its hospitals and/or emergency rooms for medical care, it requires them to sign a form contract promising to pay Christus in full for unspecified and undocument charges; and ¶ 15 alleging that Christus has placed obstacles in the way of uninsured citizens who have tried to obtain healthcare, has constructed a "demoralizing relative barrier" that discourages [such patients] from returning to the hospital for needed care; and ¶ 43 alleging that, as a condition of treatment, Chirstus required its patients to sign consent treatment forms which state that the patients will pay for such services.

[8] *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, *27-28, 103 S.Ct. 2841,**2856 (U.S.,1983).

[9] *Id. at* 27-28.

[10] *Grodi v. Mandalay Report Group, Inc.*, 2003 WL 22244048, *1-2 (N.D. Miss. 2003); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

The R&R also states that the Fifth Circuit requires the existence of a private, federal remedy to remove a case based upon a federal element embedded in a state cause of action.[11] Whether a federal law is essential to a state law claim hinges on whether the federal right or obligation, as incorporated within a state law claim or claims, is "such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another."[12] As in *Bobo v. Christus Health*, 359 F.Supp.2d 552, 556 (E.D.Tex., 2005), the plaintiff in the instant case contends that mere references to Section 501(c)(3) and federal tax exemptions do not create federal-question jurisdiction, relying on the Supreme Court's holding in *Merrell Dow Pharmaceuticals, Inc., v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234-35, 92 L.Ed.2d 650 (1986), that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." The present case, however, involves elements of federal law that are essential to the plaintiff's state law claims, and the plaintiff's reliance on the principles enunciated in *Merrell Dow* is misplaced. The federal law at issue in this case is not collateral or remote. Rather, the plaintiff's "references" to the defendant's tax-exempt status is central to the dispute. Given the plaintiff's emphasis on the defendants' tax-exempt status, her argument that the federal right is not an essential element of her state law claims is unconvincing. Therefore, the federal statute in question is essential to the plaintiff's state law claim.

This court has also considered the convoluted history of this case and finds it to be a blatant

---

[11] R&R, p. 5-6.

[12] *Bobo v. Christus Health*, 359 F.Supp.2d 552, 556 (E.D.Tex.,2005); *Amalgamated Ass'n of St. Elec. Ry. & Motor Coach Emp. of Am., Div. No. 1127 v. S. Bus Lines*, 189 F.2d 219, 222 (5th Cir.1951); *Gully v. First Natl. Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

5

attempt at forum manipulation.[13] This case is part of myriad of similar cases filed nationwide against not-for-profit hospitals. Similarly situated Christus defendants have previously been removed and obtained a dismissal of similar claims in Texas.[14] The plaintiff began this litigation by filing in the Middle District of Louisiana, despite the fact that she lives in the Western District of Louisiana and the hospital is located therein. The suit in the Middle District invoked federal jurisdiction over her claims. The defendants allege that when it became apparent to the plaintiff, through the questions of the judge in the Middle District, that this case may be transferred to this district, the plaintiff voluntarily dismissed the suit.

Then, in February 2005, the plaintiff re-filed her suit in Calcasieu Parish, alleging nearly identical theories, but deleting express references to federal law.[15] The case was removed to this court and the plaintiff moved for remand. When asked at oral arguments why the this case had been brought in the Middle District, rather than answering the question, plaintiff's counsel indicated that this was a decision made by "a collective group of people" who believed that their clients' "best interests" would be served by filing in the Middle District.[16] Counsel could not explain why the Middle District would be a more advantageous forum.

---

[13] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (C.A.5 (Tex.), 2003).

[14] *See Bobo v. CHRISTUS Health*, 359 F.Supp.2d 552 (E.D.Tex. 2005).

[15] In ¶30 of the Complaint, the plaintiff states that "[t]here is no federal jurisdiction. The claims asserted by the Plaintiff and the Class invoke no federal question or statute, and federal law does not preempt Plaintiff's state law causes of action. Plaintiff states, and intends to state, causes of action solely under Louisiana law and expressly denies any attempt to state a cause of action under federal law."

[16] Transcript of August 18, 2005, oral arguments, p. 10.

The plaintiff argued that her suit is based entirely on state law claims that do not require an interpretation of the Medicare and Medicaid Acts, but counsel for the plaintiff could not adequately explain why this comparison would not be necessary. The plaintiff argued that the sole basis for this suit lies in Louisiana tort law, Civil Code article 2315. Counsel for the plaintiff stated that while an interpretation/comparison of the Medicare and Medicaid Acts would not be required, an analysis would be. These artful semantics are not persuasive. The references to Medicare and Medicaid in the complaint are not superfluous as suggested by the plaintiff. These acts are an integral part of the required analysis of these alleged claims.

Accordingly, for the reasons stated herein, the court found the objections appropriate, overruled the R&R and denied remand.

Lake Charles, Louisiana, this __3__ day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE